## Commonwealth *v.* Esposito, Appellant.

128

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*George A. Heitczman,* Associate Public Defender, for appellant.

*Salvador J. Salazar,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., September 22, 1975:

This appeal arises from the conviction, after a jury trial, of appellant, Catherine Esposito, of conspiracy. On this appeal appellant charges that: (1) the evidence was insufficient to support the verdict; (2) the court erred in permitting the Commonwealth to prove subsequent acts of the alleged co-conspirators prior to proving an unlawful agreement; (3) the court erred in admitting prejudicial and irrelevant testimony; (4) the court participated in the questioning as an advocate; and, (5) the court erred in refusing various points for charge proffered by appellant. All these allegations of error are nonmeritorious and we shall affirm.

On January 24, 1974, two black males entered a supermarket in Bethlehem, Pennsylvania, procured a carton of Kool cigarettes, and stood in the check-out line.

When the men reached the cashier, one of them drew a gun and announced the men's intention to rob the store. At gunpoint, the store manager was forced to open the safe and deliver his wallet to one of the bandits. Simultaneously, the other man emptied the contents of the cash register. Upon leaving the market with their loot, the men entered an awaiting car and slumped down in the back seat.

Fortunately, Mr. and Mrs. Leary were waiting at a traffic light behind the alleged getaway car. Their attention was aroused by seeing one of the men carrying a mask, and their suspicions of foul play were confirmed when the men slumped down in the back seat after entering the awaiting vehicle in front of the Learys. Both Mr. and Mrs. Leary noted that the driver and the passenger in the front seat of the tan Ford had blondish hair and appeared to be females. The Learys followed the car long enough to record its license number which they supplied to the police.

As a result of the description of the vehicle and its license number, the Easton police pulled the car over some three hours later. Its occupants included the driver (who is appellant herein), Diane Border, and two black males. Both appellant and Miss Border are blondes. Upon searching the car the police found the piece of cloth used as a face mask, rolls of nickels and pennies, empty and full packages of Kool cigarettes, an expended shell casing, and a bag containing an unspecified amount of money. Appellant's purse contained four empty packages of Kool cigarettes while Miss Border's purse contained a one-dollar roll of nickels and two packs of Kool cigarettes. The car itself belonged to appellant's father.

The appellant's first contention, insufficiency of the evidence, is clearly frivolous. She was the driver and custodian of the getaway car, and the police found some remnants of the day's booty on her person. While it is true that there was no direct evidence of an unlawful agree-

ment, such an agreement can readily be inferred from appellant's conduct. "[T]o sustain a conviction of conspiracy there need not be direct proof of agreement between co-defendants to perform an illegal act. '[W]here the conduct of the parties indicates that they were acting together with a common and corrupt purpose in view, the jury may properly infer that a conspiracy did exist. . . .' " *Commonwealth v. Armbruster*, 225 Pa. Superior Ct. 415, 420 (1973). See also *Commonwealth v. Yobbagy*, 410 Pa. 172 (1963); *Commonwealth v. Albert*, 151 Pa. Superior Ct. 184 (1943).

Appellant's second contention is also without merit. It is within the trial court's discretion to regulate the order of proof of any element of an offense charged. McCormick, Law of Evidence (2d ed. 1972) ; 6 Wigmore, Evidence §§1867, 1871 (3d ed. 1940). As the court said in *McDonald v. United States*, 133 F.2d 23, 23-24 (D.C. Cir. 1942): "The logical sequence of events—from agreement in a common purpose to perpetration of an act designed to carry it out—does not require that introduction of the evidence must follow the same rigorous sequence."

Appellant's third contention rests largely on the introduction of a spent shell casing found on the person of one of her co-conspirators, and a black hand gun from which the bullet to that casing had been fired, which matched the description of the gun given by the store manager. Although the gun was not found in the possession of the co-conspirators (it was subsequently found in a police car in which the conspirators may have been riding), both the casing and the gun were relevant to the question of whether the black males were the ones who had committed the crime—a point obviously material to whether appellant was guilty of unlawfully conspiring with them. In any event, even if the conspirators' possession of the gun were insufficiently established, in light of all the other evidence linking appellant's companions to

the robbery, we would still find any error in its admission to be harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18 (1967).

Appellant's fourth contention, that the court interrogated a Commonwealth witness as an advocate, also must fail. The allegedly improper questioning by the court consisted of only two questions of the Commonwealth's ballistics expert, and its sole import was to explain to the jury how a ballistics expert arrives at the conclusion that a particular shell casing came from a particular gun. This questioning was clearly within the range permitted to the court, since it is the court's obligation to assure that a case is presented fully and without ambiguity. *Commonwealth v. Smith*, 227 Pa. Superior Ct. 355, 370 (1974).

Finally, after reading the transcript of the court's charge we are convinced that it was a full, accurate and non-prejudicial statement of the law of the case. Although certain specific points for charge were refused by the court, those points of law which were required to be made were properly covered in the court's instructions. Hence, considering the court's charge in its entirety, we are convinced that no error was committed.

Judgment affirmed.