459 A.2d 1244

**COMMONWEALTH of Pennsylvania**

v.

**Charles AZIM, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1983.

Filed March 25, 1983.

Reargument En Banc Denied June 7, 1983.

Petition for Allowance of Appeal Denied Oct. 3, 1983.

Spaeth, J., concurred in result.

Marilyn J. Gelb, Philadelphia, for appellant.

David L. DaCosta, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BECK and JOHNSON, JJ.

PER CURIAM:

Appellant Charles Azim appeals *nunc pro tunc* from judgments of sentence imposed for criminal conspiracy and robbery. He seeks dismissal of all the charges brought against him. In the alternative, he requests a new trial on

a lesser charge of robbery and a vacating of the conspiracy sentence, for resentencing following the outcome of the new robbery trial.

Appellant was arrested, along with Mylice James and Thomas Robinson, on September 18, 1977 for simple assault, robbery, and conspiracy. The victim of the robbery was Jerry Tennenbaum, a Temple University student. Appellant drove a car in which the other two men were passengers. Appellant stopped the car, Robinson called Tennenbaum over to the curb, the two passengers got out of the car, inflicted bodily injury on Tennenbaum, took his wallet which had fallen to the ground, and immediately left the scene in the same car driven by appellant. Robinson and appellant were tried to a jury and convicted as co-defendants in April 1978. After denial of post-trial motions, appellant was sentenced to five to ten years for robbery and five to ten years for conspiracy, the sentences to run concurrently. He received a suspended sentence for assault.

Appellant's trial counsel did not file a timely appeal on his behalf and on January 25, 1979 he filed a *pro se* Petition under the Post Conviction Hearing Act, 19 P.S. 1180-1 *et seq.* claiming ineffective assistance of counsel on the grounds, *inter alia,* of failure to file an appeal of the conviction. New counsel was appointed, and on October 9, 1980, appellant was granted the right to appeal, *nunc pro tunc.* The PCHA Petition raised other issues relating to ineffectiveness of counsel which were denied at the PCHA hearing. The direct appeal and the appeal under PCHA are here consolidated.

Appellant's co-defendant Robinson also appealed from the judgment of sentence. In January 1980 this Court vacated judgment of sentence and remanded for a new trial on the charges of simple assault and robbery; affirmed judgment of sentence on the charge of conspiracy, and remanded for resentencing on conspiracy. *Commonwealth v. Robinson,*

284 Pa.Super. 152, 425 A.2d 748 (1980). On July 29, 1981, the trial judge ordered similar relief for appellant.[1]

In this appeal, appellant presents two issues: (1) that he was convicted upon insufficient evidence; and (2) that his trial counsel was ineffective in the course of the trial.[2] The claim of insufficiency of the evidence relates to the charge of criminal conspiracy. He argues that because his conspiracy conviction was not supported by sufficient evidence against him, the charges of assault and robbery must also fail.

*Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) holds that an essential of due process guaranteed by the Fourteenth Amendment is that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof, which is defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. In *Commonwealth v. Volk,* 298 Pa.Super. 294, 444 A.2d 1182 (1982) (also reviewing the sufficiency of the evidence in a conspiracy charge) our Court maintained that the test to be applied in appraising the sufficiency of the evidence is a two-step inquiry:

First, we must regard all the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact finder could have based the verdict and then we must ask whether that evidence, along with all reasonable inferences to be drawn therefrom, was sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Anderson,* 265 Pa.Superior Ct. 494, 402 A.2d 546 (1979); *Commonwealth v. Eddington,* 255 Pa.Superior Ct. 25, 386 A.2d 117 (1978); *Com-*

**1.** The basis for the grant of a new trial was the trial court's inadequate instruction on the elements of simple assault and robbery.

**2.** The claim of ineffectiveness rests on trial counsel's failure to request (1) an immediate submission of the case to the jury before the testimony of Robinson; (2) cautionary instructions limiting the jury's consideration of Robinson's testimony to Robinson's case only; and (3) an instruction on robbery as a felony of the third degree as a lesser included offense.

*monwealth v. Luther,* 266 Pa.Superior Ct. 240, 403 A.2d 1329 (1979). Criminal conspiracy is defined as:

(a) Definition of conspiracy—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903 (1973).

"The essence of criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished." *Commonwealth v. Carter,* 272 Pa.Superior Ct. 411, 416 A.2d 523 (1979); *Commonwealth v. Anderson, supra.* By its very nature, the crime of conspiracy is frequently not susceptible of proof except by circumstantial evidence. *Commonwealth v. Carter, supra. Commonwealth v. Kwatkoski,* 267 Pa.Superior Ct. 401, 406 A.2d 1102 (1979). And although a conspiracy cannot be based upon mere suspicion or conjecture, *Commonwealth v. Anderson, supra,* a conspiracy "may be inferentially established by showing the relationship, conduct or circumstances of the parties, and the overt acts on the part of the co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed." *Commonwealth v. Carter, supra,* quoting *Commonwealth v. Horvath,* 187 Pa.Superior Ct. 206, 211, 144 A.2d 489, 492 (1958) (*Volk,* at 1184–5).

At trial, the prosecution presented evidence that established that appellant was the driver of the car in which James and Robinson (the men who demanded money from Tennenbaum and beat and choked him) rode. Robinson was seated on the front seat, next to appellant. Robinson rolled

down the car window, twice beckoned to the victim to come close to the car, and when Tennenbaum refused, the two passengers got out, assaulted Tennenbaum, and took his wallet. Appellant sat at the wheel, with the engine running and lights on, and the car doors open, while the acts were committed in the vicinity of the car. He then drove James and Robinson from the scene (Suppression Hearing T. 77–88; N.T. 4–8).

Among those circumstances relevant to proving conspiracy are association with alleged conspirators, knowledge of the commission of the crime, presence at the scene of the crime, and, at times, participation in the object of the conspiracy. *Commonwealth v. Anderson, supra.* Conspiracy to commit burglary has been found where the defendant drove codefendants to the scene of a crime and then later picked them up. *Commonwealth v. Wright*, 235 Pa.Super. 601, 344 A.2d 512 (1975). "Thus, the driver of a 'get away' car can be found guilty as an accomplice if it is reasonable to infer that he was aware of the actual perpetrator's intention. His agreement to effectuate the escape aids the perpetrator in the planning and commission of the actual crime" (*Wright*, at 515). *Commonwealth v. Esposito*, 236 Pa.Super. 127, 344 A.2d 655 (1975) upheld the conviction for conspiracy of the driver of a get away car. We find no merit in appellant's claim that he was merely a hired driver, with no knowledge of his passengers' criminal activity.

We hold that a rational factfinder could find, beyond a reasonable doubt, that appellant conspired with James and Robinson to commit assault and robbery. Applying the test mandated by *Volk, supra,* we decline to dismiss appellant's conviction for criminal conspiracy on the basis of insufficiency of the evidence.

Once conspiracy is established and upheld, a member of the conspiracy is also guilty of the criminal acts of his co-conspirators, even if he is not present at the time the acts are committed. *Commonwealth v. Roux*, 465 Pa. 482,

350 A.2d 867 (1976), *Commonwealth v. Tumminello*, 292 Pa.Super. 381, 437 A.2d 435 (1981). In the instant case, co-conspirator Robinson's direct appeal resulted in the grant of a new trial on the assault and robbery charges, and we agree with the trial court that it is appropriate for appellant to be afforded the same relief. We therefore find it unnecessary to reach appellant's additional charges on his trial counsel's ineffectiveness.

Judgment of sentence is vacated. The case is remanded for a new trial on the charges of assault and robbery, and for resentencing on the conviction for conspiracy, following the outcome of the new trial. Jurisdiction is relinquished.

SPAETH, J., concurs in the result.