469 A.2d 181

**COMMONWEALTH of Pennsylvania**

v.

**Charles Russell KASKO a/k/a Charles Day, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 20, 1983.

Filed Nov. 18, 1983.

Mark A. Hutchinson, Norristown, for appellant.

J. William Ditter, III, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

CAVANAUGH, Judge:

Appellant was charged in two criminal cases and in each he was accused of involuntary deviate sexual intercourse,[1] recklessly endangering another person,[2] indecent exposure,[3] endangering welfare of children,[4] indecent assault,[5] corruption of minors,[6] simple assault,[7] criminal solicitation,[8] and criminal attempt.[9] In one case, he was accused of these offenses with respect to the six-year-old niece of his girl-friend.[10] In the other case he was accused of the same offenses with respect to his own four-year-old niece and five-year-old nephew, the children of his two step-sisters. The two cases were consolidated for trial, and appellant's motion to sever was denied.

At the conclusion of the Commonwealth's case, appellant's demurrer to the charges of criminal attempt, recklessly endangering another person and endangering welfare of children was sustained with respect to both consolidated

1. 18 Pa.C.S. § 3123.

2. 18 Pa.C.S. § 2705.

3. 18 Pa.C.S. § 3127.

4. 18 Pa.C.S. § 4304.

5. 18 Pa.C.S. § 3126.

6. 18 Pa.C.S. § 6301.

7. 18 Pa.C.S. § 2701.

8. 18 Pa.C.S. § 902.

9. 18 Pa.C.S. § 901.

10. Although the lower court indicates that this child was seven years old, the testimony suggests that she was six years old at the time in question. *Compare* Slip op. at 6, *with* N.T. 6/30/81, 126.

cases.  At the conclusion of the trial, the jury returned a verdict of not guilty with respect to both counts of involuntary deviate sexual intercourse, one count of indecent exposure, one count of indecent assault, both counts of simple assault and one count of criminal solicitation.  However, the jury returned a verdict of guilty of the misdemeanor offenses of criminal solicitation, indecent assault and corruption of minors in one case, and indecent exposure and corruption of minors in the other.  On these offenses the maximum terms of imprisonment were imposed and made consecutive to each other, resulting in a sentence of seven to fourteen years imprisonment.  This appeal followed.

Appellant contends that the lower court erred in consolidating these two cases in one trial, and in admitting certain hearsay evidence.  We agree with appellant, and reverse and remand for a new trial.

The criminal activities encompassed by the first of the two consolidated cases were alleged to have occurred "on or about February or March of 1980."  In this case, appellant was charged with sexually molesting his girlfriend's six-year-old niece while the girlfriend baby-sat the child at an apartment shared by the girlfriend and her sister, the child's mother.  The specific acts alleged involved the touching of appellant's exposed genitals to the child's anal area, and anal intercourse.  These acts were alleged to have occurred in the presence of appellant's girlfriend.

The second of the two consolidated cases alleged similar misconduct with the four-year-old daughter of appellant's step-sister, as well as the corruption of this child and the five-year-old son of appellant's other step-sister by teaching or encouraging the two to have indecent contact with each other.  These offenses allegedly occurred sometime between December 15, 1980 and January 26, 1981, while the children were visiting their grandmother at her apartment, which was shared by appellant.  These incidents were not alleged to have been committed in the presence of appellant's girlfriend or any other adult.

Appellant flatly denied the occurrence of any of the sexual misconduct charged in either case, and defended on that basis.

■ Appellant first contends that the lower court should have granted his motion to sever the trial of these two cases. Our review in this matter is limited to whether the trial court abused its discretion in allowing the consolidated trial of the two cases. *Commonwealth v. Moore,* 463 Pa. 317, 344 A.2d 850 (1975).

■ In making our determination, we first look to whether evidence of the commission of one offense would have been admissible in the separate trial of the other offense. *Commonwealth v. Morris,* 493 Pa. 164, 425 A.2d 715 (1981). In *Commonwealth v. Peterson,* 453 Pa. 187, 307 A.2d 264 (1973), our Supreme Court summarized the law controlling the admission of such evidence as follows: .

It is black letter law that evidence of one crime is inadmissible against a defendant being tried for another crime because the fact of the commission of one offense is not proof of the commission of another. See *Commonwealth v. Foose,* 441 Pa. 173, 272 A.2d 452 (1971). However, there sometimes exist special circumstances which operate as exceptions to the general rule and bring the case within the equally well established principle that evidence of other crimes is admissible when it tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial—in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. See *Commonwealth v. Wable,* 382 Pa. 80, 114 A.2d 334 (1955).

*Commonwealth v. Peterson, supra,* 453 Pa. at 197–8, 307 A.2d at 269–70.

Turning to the instant appeal, we first find no indication or suggestion that the occurrence of the first crime would provide a motive for appellant to commit the other, or that one crime was motivated by peculiar circumstances present in both. *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Hude*, 256 Pa.Super. 439, 390 A.2d 183 (1978). *Compare Commonwealth v. Brown*, 482 Pa. 130, 393 A.2d 414 (1978).

■ The second and third exceptions allow evidence of prior crimes tending to prove intent, or absence of mistake or accident. However, in this case, appellant did not claim that his conduct was innocent or accidental, but rather flatly denied that the acts ever occurred. Therefore, since appellant's mental state was not at issue, the prior crimes would not have been admissible to prove it. *Commonwealth v. Bond*, 261 Pa.Super. 311, 396 A.2d 414 (1978).

■ The fourth exception requires that the other crime sought to be introduced, evidence a common scheme, plan or design. In order to fit within this exception,

> the Commonwealth must show more than that the other crimes are of the same class as the one for which the defendant is being tried. Rather, there must be such a high correlation in the details of the crimes that proof that the defendant committed one makes it very unlikely that anyone else but the defendant committed the others.

*Commonwealth v. Bastone*, 262 Pa.Super. 590, 595, 396 A.2d 1327, 1329 (1979). Moreover, both crimes must be so nearly identical in their unusual or distinctive aspects as to bear the "signature" or be the "handiwork" of the same person. *Commonwealth v. Morris, supra*, 493 Pa. at 176, 425 A.2d at 720 (1981); McCormick on Evidence § 190 at 449 (2d ed. 1972).

■ The allegations in the two cases against appellant have certain similarities. They both involve children of a similar age group, having a family or personal link to the appellant. In both cases, appellant was accused of roughly the same type of misconduct. On the other hand, the two

cases were separated by a substantial period of time and involved different victims. They occurred under dissimilar circumstances in that one allegedly occurred in the presence of appellant's girlfriend, later his wife, while the other did not. One case involved both a young boy and a young girl, whereas the other only involved a young girl. Finally, the misconduct alleged in this case is, sadly, not as rare as it should be, but is rather a common form of child abuse. Under these circumstances, we cannot agree that the two cases reach that high degree of correlation in detail required to show a common scheme, plan or design. *Commonwealth v. Boulden*, 179 Pa.Super. 328, 116 A.2d 867 (1955); *Commonwealth v. Green*, 290 Pa.Super. 76, 434 A.2d 137 (1981).

■ The final exception to the general rule is evidence of prior crimes tending to establish the identity of the perpetrator. Like the second and third exceptions discussed above, this exception is inapplicable because the perpetrator's identity was not at issue. *Commonwealth v. Green, supra; Commonwealth v. Bond, supra.*

■ We must conclude that neither of the two cases consolidated below fall within any of the five exceptions, and therefore neither would have been admissible in the separate trial of the other. We are, therefore, constrained to conclude that the lower court abused its discretion in allowing the consolidated trial of these two cases.

Since, our resolution of appellant's first issue requires a new trial, we will also address his second contention, that the trial court erred in admitting certain hearsay evidence. The facts relative to this issue are as follows.

At trial, the Commonwealth established its case not only through the testimony of the children but also, in substantial part, through the testimony of the mothers of two of the children. In addition to testifying as to the physical appearance of the children, one of the mothers testified that on a particular day she discovered two of the children, the four-year-old girl and five-year-old boy, under covers, on a sofa. When she pulled the covers down, she saw that the

little girl's nightgown had been raised above her waist, and her underwear pulled down, exposing her genitals. The little boy had also pulled his pants down, exposing his genitals.

■ Assuming that someone must have taught the children this behavior, and in an effort to find out who that was, the mother who caught the children, questioned them for fifteen minutes or more but failed to identify the culprit. At this point the mother of the other child arrived and together they elicited certain statements from the children. The lower court permitted both mothers to testify that the children said that they had been taught this behavior by appellant some time before. In admitting this hearsay, the lower court reasoned that the emotional and shocking experience of being caught in the act of doing something wrong by their mothers was sufficiently upsetting to render their subsequent statements admissible under the res gestae or spontaneous utterance exception to the hearsay rule. In this, the lower court was in error.

■ First, "[w]hile the law fixes no definite time within which statements must be made to be received as part of the res gestae, there must be no break in the continuity of the litigated acts which would afford time for reflection." *Wilf v. Philadelphia Modeling and Charm School, Inc.,* 205 Pa.Super. 196, 205, 208 A.2d 294, 299 (1965). Here, the crucial statements came not only after fifteen minutes of questioning by one parent had *failed* to produce the desired response, but after two undoubtedly upset parents together interrogated the children. While the fifteen minutes itself afforded time for reflection, the parental interrogation demanded that reflection.[11]

Further, this exception to the hearsay rule also requires that the spontaneous utterance relate to the exciting event.

11. The significance of these hearsay statements cannot be minimized. At trial, the mothers testified that the children had told them that appellant had taught them the indecent "games." However, the actual trial testimony of the five-year-old boy lacked any probative value. In fact, if his testimony indicated anything, it was that he had picked up the sexual behavior from another youngster and not appellant. *See* N.T. 6/30/83, 44.

6 Wigmore, Evidence § 1754 (Chadbourne rev. 1976). Here, the act in which they were caught was not the litigated fact to which the children's statements related. Rather, the children's statements related to the appellant's activities which would have occurred days, weeks or even months before. Clearly, this hearsay did not fall within the res gestae or spontaneous utterance exception to the hearsay rule and was improperly admitted below.

In addition to the hearsay statements discussed above, the mother of the child who was the alleged victim in the other case was permitted to testify that her child had told her that appellant had had certain indecent contact with the child. Over appellant's objection, these statements were also admitted as being within the res gestae exception to the hearsay rule. However, in this instance there was no foundation whatsoever laid to establish the time lapse between the exciting event and the hearsay statement. Thus for the reasons set forth above, the trial court also erred in allowing this statement.

Reversed and remanded for proceedings consistent with this opinion.[12] Jurisdiction relinquished.

**12.** We do not discuss other issues raised by appellant since we find them either adequately and completely addressed in the lower court opinion or unnecessary in view of our disposition.