505 A.2d 295

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Roy BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1985.

Filed Feb. 13, 1986.

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Kemal A. Mercli, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WIEAND, Judge:

On May 12, 1983, a neighbor observed a man carrying a television set from the home of Mary and Jack Johnson in Penn Hills, Allegheny County. He placed the television in a car in front of the Johnson home. The neighbor ran from his home, saw another man sitting behind the wheel of the car, and recorded the registration number as the vehicle was driven away. The neighbor subsequently identified

Roy Brown, the appellant, as the driver of the car. After the Commonwealth had proved these facts, a jury found Brown guilty of theft and conspiracy.

The same jury, in a consolidated trial, found Brown guilty of criminal trespass and theft in connection with the removal of a television set and lace tablecloth from the home of Catherine Murtland in North Braddock, Allegheny County, on September 7, 1983. Brown had been observed by two neighbors who confronted him as he carried the television set and lace tablecloth from the Murtland home.

Post-trial motions were denied, and Brown was sentenced to two consecutive terms of imprisonment for an aggregate period of not less than four nor more than eight years. On direct appeal, he contends: (1) that the evidence was insufficient to show a conspiracy to steal the Johnson television; (2) that he was deprived of a speedy trial under Pa.R. Crim.P. 1100; (3) that the trial court erred in denying a defense request to continue the trial; (4) that the trial court erred in denying a defense request for separate trials; (5) that the trial court erred in denying a defense motion for a mistrial; (6) that the trial judge's frequent interjections and adverse comments deprived him of a fair trial; and (7) that sentencing counsel was ineffective for failing to require the court to place on the record the reasons for the sentences. After careful review, we conclude that new trials are necessary.

■ A conspiracy need not be established by direct evidence. *Commonwealth v. Davenport,* 307 Pa.Super. 102, 106, 452 A.2d 1058, 1060 (1982). A corrupt agreement to commit a criminal act may be shown by circumstantial evidence. *Commonwealth v. Hurlbert,* 329 Pa.Super. 119, 125, 477 A.2d 1382, 1385 (1984). See also: *Commonwealth v. Mills,* 332 Pa.Super. 75, 480 A.2d 1192 (1984). "The existence of a common agreement may be inferred from the evidence of the circumstances surrounding the allegedly conspiratorial activities, and from the relationship between and the conduct of the parties." *Commonwealth v. Gordon,* 329 Pa.Super. 42, 52, 477 A.2d 1342, 1347 (1984)

(citations omitted). See also: *Commonwealth v. Hart,* 348 Pa.Super. 117, 501 A.2d 675 (1985). "Where the conduct of the parties indicates that they were acting together with a common and corrupt purpose ... the jury may properly infer that a conspiracy did exist." *Commonwealth v. Esposito,* 236 Pa.Super. 127, 130, 344 A.2d 655, 657 (1975), quoting *Commonwealth v. Armbruster,* 225 Pa.Super. 415, 420, 311 A.2d 672, 674 (1973).

■ The evidence in this case was sufficient to enable a jury to infer that appellant, on May 12, 1983, had agreed to promote, facilitate and encourage the theft of a television set from the Johnson home in Penn Hills. Appellant had waited in a car while his companion had entered the Johnson home and removed the television. After the companion had returned and had placed the television set in the car, appellant sped away. An observant neighbor obtained the license number of the vehicle, which enabled police to trace the vehicle to appellant.

"[T]he driver of a 'get away' car can be found guilty as [a co-conspirator] if it is reasonable to infer that he was aware of the actual perpetrator's intention. His agreement to effectuate the escape aids the perpetrator in the planning and commission of the actual crime." *Commonwealth v. Wright,* 235 Pa.Super. 601, 605–606, 344 A.2d 512, 515 (1975). See: *Commonwealth v. Azim,* 313 Pa.Super. 310, 459 A.2d 1244 (1983) (appellant guilty of criminal conspiracy where he sat at wheel with engine running, lights on, and doors open while two other persons assaulted and robbed victim, after which appellant drove robbers from scene). See also: *Commonwealth v. Perry,* 334 Pa.Super. 495, 483 A.2d 561 (1984); *Commonwealth v. Esposito, supra.* A jury could find that appellant's presence outside the Johnson home, where he had no cause to be, sitting behind the wheel of a car, which he then used to transport the stolen Johnson television set and the thief away from the scene of the crime, was not merely fortuitous.

The criminal complaint in the first incident was filed on May 25, 1983. A warrant for appellant's arrest was issued

the same day. The Rule 1100 run date, therefore, was November 21, 1983. Appellant was arrested on June 5, 1983 and released on his own recognizance. He failed to appear for a preliminary hearing on June 10, 1983 and remained in a fugitive status until December 9, 1983. On the latter date, the police learned that appellant had been incarcerated in the Allegheny County Prison on other charges. He was thereafter arraigned on February 1, 1984, and his trial commenced on February 20, 1984, sixty-two days after the run date.

■ "[A] criminal defendant on bail who willfully absents himself from a proceeding of which he had notice is precluded from relying on the concept of due diligence afforded by the speedy trial guarantee." *Commonwealth v. Williams*, 299 Pa.Super. 226, 231, 445 A.2d 537, 539 (1982), citing *Commonwealth v. Cohen*, 481 Pa. 349, 356, 392 A.2d 1327, 1331 (1978). Such a defendant "has violated the conditions of his bail, and the Commonwealth is entitled to count any period of delay as excludable time under Rule 1100(d); a showing of due diligence is not required." *Commonwealth v. Byrd*, 325 Pa.Super. 325, 329, 472 A.2d 1141, 1143–1144 (1984). See also: *Commonwealth v. Cohen, supra; Commonwealth v. Colon*, 317 Pa.Super. 412, 421, 464 A.2d 388, 392–393 (1983); *Commonwealth v. Williams, supra.* A defendant who has failed to make a scheduled court appearance has violated the terms of his or her bail and will be considered unavailable for Rule 1100 purposes from the time of the proceeding at which he or she failed to appear until he or she voluntarily surrenders or is subsequently apprehended. *Commonwealth v. Cohen, supra; Commonwealth v. Gorham*, 341 Pa.Super. 499, 503, 491 A.2d 1368, 1370 (1985); *Commonwealth v. Williams, supra.* "We have held that this principle applies even where the defendant is incarcerated, and therefore cannot appear, if he has not complied with the notice requirement of [Pennsylvania] Rule [of Criminal Procedure] 4013(c)." *Commonwealth v. Gorham, supra*, 341 Pa.Super. at 503, 491 A.2d at 1370.

 Appellant, despite knowledge of the time and place of his preliminary hearing, failed to appear. He was thereafter not found by the police until December 9, 1983. The time between June 10, 1983 and December 9, 1983, therefore, is excludable. Because he failed to comply with the requirements of Pa.R.Crim.P. 4013(c) that he give notice of any change of address, it is not necessary to inquire, as appellant would have us do, whether the police exercised due diligence to find him while he was a fugitive. He was unavailable during this period; and, therefore, the period is excludable. Appellant was tried within the time constraints of Rule 1100.

Appellant's next argument, ironically, is that he was tried too soon. He contends that his trial counsel needed additional time to prepare for trial and that the court erred in denying a defense request for a continuance. We disagree.

 The granting or refusal of a request for continuance is vested in the discretion of the trial court. *Commonwealth v. Lore*, 338 Pa.Super. 42, 59, 487 A.2d 841, 850 (1984). The denial of a continuance will be reversed on appeal only upon a showing of palpable and manifest abuse of discretion. *Commonwealth v. Maute*, 336 Pa.Super. 394, 405–406, 485 A.2d 1138, 1144 (1984); *Commonwealth v. Faraci*, 319 Pa.Super. 416, 421, 466 A.2d 228, 231 (1983). "A simple allegation that more preparation is necessary for investigation and trial preparation will not suffice in demonstrating an abuse of discretion." *Id.*, 319 Pa.Superior Ct. at 421–422, 466 A.2d at 231. Mere shortness of time in which to prepare does not mandate the granting of a continuance. *Commonwealth v. Lore, supra* (three weeks from appointment to suppression hearing in which to prepare); *Commonwealth v. Faraci, supra* (thirteen days to file pre-trial motions and one month to prepare for trial); *Commonwealth v. Hubble*, 314 Pa.Super. 99, 460 A.2d 784 (1983)(three and one-half months to prepare); *Commonwealth v. Eackles*, 286 Pa.Super. 146, 428 A.2d 614 (1981) (fifty-five days in which to prepare for trial). An appellant must be able to show specifically in what manner he was

unable to prepare his defense or how he would have prepared differently had he been given more time. *Id.*, 286 Pa.Superior Ct. at 152, 428 A.2d at 617. We will not reverse a denial of a motion for continuance in the absence of prejudice. See: *Commonwealth v. Hubble, supra,* 314 Pa.Super. at 105, 460 A.2d at 787; *Commonwealth v. Eackles, supra,* 286 Pa.Super. at 152, 428 A.2d at 617.

■ Appellant argues that had trial counsel been given additional time to familiarize himself with the facts, he would have discovered that the Commonwealth had not exercised due diligence in attempting to bring appellant to trial within 180 days on the charges arising from the incident of May 12, 1983. Appellant's argument seems to be that had counsel learned of these facts he could have filed a motion to dismiss under Rule 1100. However, trial counsel *did* file a pre-trial Rule 1100 motion to dismiss which, as we have observed, was properly denied by the trial court. Appellant's further contention that trial counsel, having had additional time to prepare, might have been able to challenge the identification testimony is speculative and without any reasonable foundation. In short, appellant has failed to show that he was in any way prejudiced by the trial court's denial of his motion for continuance of the trial.

Appellant's several arguments that he was deprived of the right to a fair trial because of evidence of other crimes, however, are more troublesome. The first of these arguments pertains to the trial court's refusal to allow separate trials for charges which seemingly related to two entirely different offenses. The second pertains to repeated testimony by a witness that she had observed appellant's likeness in "mug shots" which had been displayed to her by the police.

■ Ordinarily, offenses charged in separate informations should be tried separately. If the offenses do not arise from the same act or transaction, they may be tried together if "the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of

separation by the jury so that there is no danger of confusion." Pa.R.Crim.P. 1127 A(1)(a). Although a decision regarding consolidation necessarily rests in the discretion of the trial court, an appellate court will reverse a decision to consolidate separate offenses for trial where there has been an abuse of that discretion. *Commonwealth v. Kasko*, 322 Pa.Super. 62, 469 A.2d 181 (1983).

In *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973), the Supreme Court said:

It is black letter law that evidence of one crime is inadmissible against a defendant being tried for another crime because the fact of the commission of one offense is not proof of the commission of another. See *Commonwealth v. Foose*, 441 Pa. 173, 272 A.2d 452 (1971). However, there sometimes exist special circumstances which operate as exceptions to the general rule and bring the case within the equally well established principle that evidence of other crimes is admissible when it tends to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial—in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. See *Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955).

*Commonwealth v. Peterson*, 453 Pa. at 197–198, 307 A.2d at 269. See also: *Commonwealth v. Kasko, supra*, 322 Pa.Super. at 67, 469 A.2d at 184. These principles were applied to the issue of consolidating separate charges for trial in *Commonwealth v. Morris*, 493 Pa. 164, 425 A.2d 715 (1981). There the Supreme Court held that separate informations may properly be consolidated for trial only where the separate offenses demonstrate an unusual or distinctive *modus operandi*. The Court defined those instances as follows:

As Professor McCormick explains, a distinctive and unusual "modus operandi": appears where "crimes of the accused [are] so nearly identical in method as to earmark them as the handiwork of the accused." He adds a further clarification:

> Here much more is demanded then the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual or distinctive as to be like a signature.

McCormick on Evidence, § 190 at 449 (2d Ed.1972). The Commonwealth must show more than the other crimes are of the same class as the one for which the defendant is being tried. Rather, there must be such a high correlation in the details of the crimes that proof that the defendant committed one makes it very unlikely that anyone else but the defendant committed the others. *See, Commonwealth v. Fortune*, [464 Pa. 367, 346 A.2d 783 (1971)].

*Commonwealth v. Morris, supra*, 493 Pa. at 176, 425 A.2d at 720–721. See also: *Commonwealth v. Larkins*, 302 Pa.Super. 528, 531–533, 449 A.2d 42, 43–44 (1982).

In the instant case, the consolidated trial was for offenses allegedly committed in May, 1983 and September, 1983. Timewise, there was no connection whatsoever between the offenses. In light of the variance in dates, it was not sufficient to warrant consolidation that both offenses involved the theft of television sets during daylight hours in different municipalities in Allegheny County, even though both municipalities were suburban to the City of Pittsburgh. It was also insufficient that the premises from which the televisions were stolen had been ransacked. Although the offenses were of the same class, there was not that "high correlation in the details of the crimes that proof that the defendant committed one makes it very unlikely that anyone else but the defendant committed the others." *Commonwealth v. Bastone*, 262 Pa.Super. 590, 595, 396 A.2d 1327, 1329 (1979). The separate crimes were not "so nearly identical in their unusual or distinctive aspects as to

bear the 'signature' or be the 'handiwork' of the same person." *Commonwealth v. Kasko, supra,* 322 Pa.Super. at 68, 469 A.2d at 184–185. We conclude, therefore, that it was an abuse of discretion for the trial court to deny a defense request for separate trials where, as here, the charges were for offenses which were unconnected in time and similar only in that television sets were stolen during daylight hours from ransacked dwelling houses. The Commonwealth should have been required to prove appellant's guilt of each charge separately by evidence beyond a reasonable doubt and without benefit of any adverse inference arising from a duplicity of charges. See: *Commonwealth v. Bobko,* 453 Pa. 475, 309 A.2d 576 (1973).

The prejudice caused to appellant by the consolidation of separate charges for trial was exacerbated when the jury was told by a Commonwealth witness that she had observed appellant's likeness among "mug shots" shown to her by the police. This information was elicited initially by the prosecuting attorney without objection by the defense. On a subsequent occasion, the witness said specifically, in response to a question by the trial judge, that she had observed appellant's likeness among the "mug shots" shown to her by the police. When the witness concluded her testimony, defense counsel moved for a mistrial. The motion, however, was denied by the trial court.

 This, we are constrained to hold, was error. A juror could reasonably infer from the testimony about mug shots that appellant had been engaged in prior criminal conduct. This was so prejudicial as to deprive appellant of a fair trial. *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972). Cf. *Commonwealth v. Reiss,* 503 Pa. 45, 468 A.2d 451 (1983); *Commonwealth v. Jackson,* 263 Pa.Super. 183, 397 A.2d 807 (1979).

Because we have concluded that these errors require the grant of a new trial, we do not consider appellant's contention that the trial judge's numerous interruptions impaired his right to a fair trial before an impartial tribunal. In all likelihood, the same interruptions will not occur upon re-

trial. Similarly, the grant of a new trial makes it unnecessary that we review the adequacy of the reasons given by the sentencing court for the sentences of imprisonment imposed upon appellant.

Reversed and remanded for new trials. Jurisdiction is not retained.