516 A.2d 1200

**COMMONWEALTH of Pennsylvania**

v.

**John FERGUSON, Appellant.**

Superior Court of Pennsylvania.

Argued May 30, 1986.

Filed Oct. 27, 1986.

Barry L. Adelman, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, BECK and JOHNSON, JJ.

WIEAND, Judge:

John Ferguson was tried nonjury and was found guilty of robbery [1] and criminal conspiracy [2] in connection with the armed robbery of a gasoline station in Philadelphia. Post-trial motions were denied, and sentence was imposed. On direct appeal, Ferguson contends that the evidence was insufficient to sustain the convictions for robbery and conspiracy and argues that trial counsel was ineffective. We perceive no merit in these contentions and affirm the judgment of sentence.

■ In reviewing the sufficiency of the evidence,[3] we view the evidence presented and all reasonable inferences

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 903.

3. Appellant argues that the trial court erred in failing to grant either a new trial or an arrest of judgment. He has failed to recognize the distinction between evidentiary weight and evidentiary insufficiency.

therefrom in the light most favorable to the Commonwealth as verdict winner. The test is whether the evidence thus viewed is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Madison,* 501 Pa. 485, 490, 462 A.2d 228, 231 (1983); *Commonwealth v. Shaver,* 501 Pa. 167, 169, 460 A.2d 742, 743 (1983); *Commonwealth v. Campbell,* 353 Pa.Super. 178, 179, 509 A.2d 394, 395 (1986); *Commonwealth v. Taylor,* 324 Pa.Super. 420, 424, 471 A.2d 1228, 1229 (1984). See also: *Commonwealth v. Merrick,* 338 Pa.Super. 495, 488 A.2d 1 (1985); *Commonwealth v. Whiteman,* 336 Pa.Super. 120, 485 A.2d 459 (1984).

On the evening of December 31, 1980, appellant and three other persons drove to 48th and Chestnut Streets in Philadelphia, where they parked near an Arco service station. Appellant remained in the automobile with its motor running while the others approached the service station. There, they robbed the attendant at gunpoint and locked him in the bathroom. The men thereupon returned to the car where Ferguson was waiting. Appellant drove to the home of his sister, where the four men divided the money taken from the service station.

 This evidence was sufficient to support a finding that appellant had agreed to promote, facilitate and encourage the robbery of the Arco service station and that he had participated actively in committing the robbery. Indeed, it had been he who initiated the criminal activity by suggesting that "he knew where to get some money." Ferguson drove the car, parked it a short distance from the gasoline station, and remained in the automobile with the engine running while his co-conspirators held up the station attendant. "[T]he driver of a 'get away' car can be found guilty ... if it is reasonable to infer that he was aware of the

See: *Commonwealth v. Merrick,* 338 Pa.Super. 495, 488 A.2d 1 (1985); *Commonwealth v. Whiteman,* 336 Pa.Super. 120, 485 A.2d 459 (1984). Where the evidence is insufficient to sustain the verdict, the proper relief is to discharge the appellant, not to grant a new trial. A new trial is appropriate when the verdict is contrary to the weight of the evidence. *Commonwealth v. Merrick, supra.* While appellant has requested either arrest of judgment or a new trial, the record is clear that appellant is not entitled to relief of either type.

actual perpetrator's intention. His agreement to effectuate the escape aids the perpetrator in the planning and commission of the actual crime." *Commonwealth v. Wright,* 235 Pa.Super. 601, 605–606, 344 A.2d 512, 515 (1975). See also: *Commonwealth v. Perry,* 334 Pa.Super. 495, 483 A.2d 561 (1984); *Commonwealth v. Azim,* 313 Pa.Super. 310, 459 A.2d 1244 (1983); *Commonwealth v. Esposito,* 236 Pa.Super. 127, 344 A.2d 655 (1975). Here, the evidence established without any reasonable doubt that appellant was a knowing participant in the robbery of the Arco station.

■ Appellant maintains that the record is "replete with inconsistencies" and that a conviction based on inconsistent testimony cannot be sustained. He argues that two of the Commonwealth's witnesses contradicted each other. However, a review of the record discloses only different recollections of the events preceding the robbery. These inconsistencies were so minor as to have no effect on the fact finder's ability to determine appellant's part in the robbery. They do not render the evidence insufficient to support a finding of guilt. The mere existence of a conflict in the details of the Commonwealth's case was not fatal. *Commonwealth v. Smith,* 502 Pa. 600, 607, 467 A.2d 1120, 1123 (1983); *Commonwealth v. Duncan,* 473 Pa. 62, 68, 373 A.2d 1051, 1053 (1977); *Commonwealth v. Maute,* 336 Pa.Super. 394, 406, 485 A.2d 1138, 1145 (1984).

■ Appellant argues also that the Commonwealth witness, Kevin Davis, admitted using drugs prior to the robbery and that, therefore, his testimony should have been found unreliable. Issues of credibility are solely within the province of the trier of fact. *Commonwealth v. Pettus,* 492 Pa. 558, 561, 424 A.2d 1332, 1334 (1980); *Commonwealth v. Brown,* 336 Pa.Super. 628, 634, 486 A.2d 441, 444 (1985); *Commonwealth v. Trignani,* 334 Pa.Super. 526, 543, 483 A.2d 862, 871 (1984); *Commonwealth v. Croll,* 331 Pa.Super. 107, 116–117, 480 A.2d 266, 271 (1984); *Commonwealth v. Sample,* 321 Pa.Super. 457, 466, 468 A.2d 799, 803 (1983).

The Commonwealth produced at trial a member of the District Attorney's staff who testified that appellant, during a prior trial involving another crime, had admitted his participation in the robbery of the Arco service station. Appellant contends that his trial counsel was constitutionally ineffective for failing to object to this testimony.

■ When faced with an allegation that trial counsel rendered ineffective assistance, a court must first determine whether the issue underlying the claim is of arguable merit and, if so, whether the course chosen by counsel had a reasonable basis designed to serve the interest of his client. *Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). See: *Commonwealth v. Stoyko*, 504 Pa. 455, 475 A.2d 714 (1984); *Commonwealth v. Wade*, 501 Pa. 331, 461 A.2d 613 (1983); *Commonwealth v. Anderson*, 501 Pa. 275, 461 A.2d 208 (1983).

■ Here, there is no arguable merit in appellant's contention. His prior admission, whether judicial or extrajudicial, was admissible as an exception to the hearsay rule. *Commonwealth v. Boyle*, 498 Pa. 486, 499, 447 A.2d 250, 256 (1982); *Commonwealth v. Glass*, 486 Pa. 334, 347, 405 A.2d 1236, 1243 (1979) (plurality opinion); *Commonwealth v. Cristina*, 481 Pa. 44, 53, 391 A.2d 1307, 1311 (1978) (plurality opinion), *cert. denied*, 440 U.S. 925, 99 S.Ct. 1255, 59 L.Ed.2d 479 (1979); *Commonwealth v. Tervalon*, 463 Pa. 581, 590, 345 A.2d 671, 676 (1975); *Commonwealth v. Darden*, 311 Pa.Super. 170, 174, 457 A.2d 549, 551 (1983). The protection of the Fifth Amendment against self-incrimination was waived when appellant voluntarily gave testimony in the prior proceedings. "The fact that [appellant] ... exercised his right of silence during the second trial did not insulate him from the consequences of his earlier testimony. It has long been recognized that testimony from an earlier trial may be introduced in the prosecution's case against a defendant regardless of whether that defendant takes the stand or not in the second proceeding." *Commonwealth v. Boyle, supra*, 498 Pa. at 497, 447 A.2d at 256. See: *Commonwealth v. Doughty*, 139 Pa. 383, 21 A. 288 (1891);

*Commonwealth v. House*, 6 Pa.Super. 92 (1897). When appellant took the stand in the prior proceedings without asserting his privilege against self-incrimination, he thereby waived the privilege as to the testimony given, and that testimony could be used against him in a subsequent trial. *Heller v. United States*, 57 F.2d 627 (7th Cir.), *cert. denied*, 286 U.S. 567, 52 S.Ct. 647, 76 L.Ed. 1298 (1932). Counsel was not ineffective for failing to make a meritless objection to the receipt of appellant's prior admission of guilt as evidence in the case *sub judice*.

The judgment of sentence is affirmed.

JOHNSON, J., files a concurring opinion.

JOHNSON, Judge, concurring:

I agree that the judgment of sentence should be affirmed and support the majority's analysis on the sufficiency issue. I write separately, however, because I would find no arguable merit to Appellant's ineffectiveness claim on the grounds that Appellant's prior testimony in another case was admissible as a declaration against his penal interest. *Commonwealth v. Colon*, 461 Pa. 577, 337 A.2d 554 (1975); *Commonwealth v. Ayala*, 277 Pa.Super. 363, 419 A.2d 1187 (1980); *Cf.*, F.R.Evid. 804(b)(1).

Not all declarations against penal interest are *per se* admissible. Such declarations must be made under circumstances that provide a considerable assurance of reliability recognizing the inherent unreliability of a confession exculpating possible accomplices at no cost to the declarant. *Ayala*, 277 Pa.Superior Ct. at 368, 419 A.2d at 1189.

In this case an assistant district attorney, who questioned Appellant in a separate criminal proceeding, made reference to the gas station robbery for which Appellant was charged in the instant case and Appellant admitted in the prior proceeding that he was the getaway driver.

This statement, in my view, was made by Appellant under circumstances which provided a considerable assurance of reliability since it directly implicated Appellant in the com-

mission of a crime. The ineffectiveness claim, therefore, has no arguable merit since the contested statement was admissible under the declaration against penal interest exception to the hearsay rule.