J-A03045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD A. SIMPSON | : | |
| | : | |
| Appellant | : | No. 506 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 23, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000937-2018

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:          **FILED: FEBRUARY 22, 2021**

Richard A. Simpson appeals from the judgment of sentence, entered in the Court of Common Pleas of Lebanon County, following his convictions of two counts of unlawful contact with a minor[1] and one count each of criminal use of a communication facility[2] and open lewdness.[3]  After review, we affirm based on the opinion authored by the Honorable Bradford H. Charles.

In late evening of January 20, 2018, and continuing into the early morning hours of January 21, 2018, Simpson contacted the minor victim[4] via Facebook Messenger, and sent her a picture of alcohol and cherries.   He later

---

[1] 18 Pa.C.S.A. § 6318(a)(4).

[2] 18 Pa.C.S.A. § 7512(a).

[3] 18 Pa.C.S.A. § 5901.

[4] The victim, who was sixteen years old at the time, knew Simpson because she dated his son.

sent pictures of his genitals to her on Facebook Messenger, requesting she send him inappropriate pictures of herself. At some point early in the conversation, the victim disclosed the communication to Tim Discuillio, her mother's friend, and to her mother. At trial, the parties agreed Discuillio was aware of the communication and pictures. Later, Simpson appeared at the victim's home, believing she would be alone. When Simpson arrived, Discuillio and the victim's mother confronted him and summoned the police.

A jury convicted Simpson on April 25, 2019. On October 23, 2019, the court sentenced Simpson to 21-42 months' incarceration. On November 1, 2019, Simpson filed post-sentence motions, which the court denied on February 25, 2020. On March 17, 2020, Simpson filed this timely appeal.

Simpson raises two issues for our review:

1. Should [Simpson's] motion for judgment of acquittal be granted because the Commonwealth failed to present sufficient evidence at trial to prove beyond a reasonable doubt that [Simpson] was in communication with a minor when sending and requesting inappropriate photographs?

2. Should [Simpson's] motion for new trial be granted because the jury placed too great a weight on the testimony of both the victim [] and Tim Discuillo, and failed to properly consider the contradictions between their testimonies at trial and their original reports to police?

Appellant's Brief, at 4.

> When reviewing a sufficiency of the evidence claim, this Court must review the evidence and all reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, and we must determine if the evidence, thus viewed, is sufficient to enable the fact-finder to find every element of the offense beyond a reasonable doubt.

- 2 -

*Commonwealth v. Goins*, 867 A.2d 526, 527 (Pa. Super. 2004).

When examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the . . . verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009).

With respect to both challenges, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of Judge Charles, we conclude Simpson's claims merit no relief. The trial court's opinion properly addresses and disposes of those issues. (**See** Trial Court Opinion, 2/25/20, at 3-8). We, therefore, rely on Judge Charles' opinion to affirm Simpson's judgment of sentence. We direct the parties to attach a copy of that opinion in the event of further proceedings.

Judgment of sentence affirmed.

- 3 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/22/2021

ENTERED & FILED
CLERK OF COURTS
LEBANON PA

# IN THE COURT OF COMMON PLEAS LEBANON COUNTY PENNSYLVANIA

2020 FEB 25 PM 3 32

## CRIMINAL DIVISION

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | NO. CP-38-CR-937-2018 |
| v. | : : | |
| RICHARD SIMPSON | : : : | |

## APPEARANCES

Megan E. Ryland-Tanner, Esquire  For Commonwealth of Pennsylvania
DISTRICT ATTORNEY'S OFFICE

Vienna M. Vasquez, Esquire          For Richard Simpson
PUBLIC DEFENDER'S OFFICE

## OPINION BY CHARLES, J., February 25, 2020

Defendant Richard Simpson (hereafter DEFENDANT) has filed Post-Sentence Motions challenging the sentence we imposed following an April 25, 2019 jury trial, at which he was found guilty of Unlawful Contact with a Minor, Criminal Use of Communication Facility and, Open Lewdness. The DEFENDANT's Post-Sentence Motions challenge the propriety of his sentence as well as the weight and sufficiency of evidence. We author this Opinion to address DEFENDANT's arguments.

1

## I.  FACTS

The DEFENDANT was charged with Unlawful Contact with a Minor, Criminal Use of a Communication Facility, Corruption of Minors and, Open Lewdness. The charges stemmed from an incident, initiated by DEFENDANT, which started late evening January 20, 2018 and continued until the early morning hours of January 21, 2018. The DEFENDANT sent nude images of himself to the minor victim (hereinafter S.K.) and requested the same of her. At some point during the conversation, S.K. disclosed the communication with DEFENDANT to her father, Tim Discuillo. Following the conversation between DEFENDANT and S.K., DEFENDANT appeared at S.K.'s home because he believed that she would be home alone. He was confronted by the victim's father and police were eventually summoned. As a result of the ensuing investigation, charges were filed.

A jury trial was held on April 25, 2019. The jury returned a verdict of guilty on all counts except Corruption of Minors. Sentencing was held on October 23, 2019 and the trial judge imposed a sentence of 21 to 42 months. The DEFENDANT filed timely Post-Sentence motions in which he challenged weight and sufficiency of evidence as well as the sentence he imposed.

2

## II.   **DISCUSSION**

### A. Argument of Parties

The DEFENDANT avers that inconsistent statements proffered by S.K. and Mr. Discuillo rendered the Commonwealth's evidence insufficient to establish guilt. Additionally, Defendant argues that he should be granted a new trial because the Jury placed too much weight on the testimony of S.K and Mr. Discuillo. Furthermore, Defendant argues that the Sentencing Court erred because it failed to give proper weight to the mitigating factors provided in 42 Pa.C.S. § 9721(b).

The Commonwealth responds by relying on *Commonwealth v. Burns, 765 A.2d 1144 (Pa. Super. 2000)* which provides that it is ultimately up to the jury to determine the credibility of witnesses in criminal matters. Next, the Commonwealth responds to DEFENDANT's weight of evidence argument by proffering that the verdict is not shocking to one's sense of justice. Lastly, the Commonwealth responds to DEFENDANT's third averment by arguing that the Trial Court did not abuse its discretion when it imposed its sentence and that DEFENDANT's claim fails to establish a "substantial question" that the sentence imposed was inappropriate under the Sentencing Code.

### B. Legal Principles

3

Although closely related, there is a distinction between challenges to sufficiency and lack of weight of evidence. That distinction was laid out in *Commonwealth v. Whiteman*, 485 A.2d 459 (Pa.Super. 1984):

> A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. Whether a new trial should be granted on the grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge...The test is not whether the court would have decided the case in the same way but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail.

*Id.* at 462, citing *Commonwealth v. Taylor*, 471 A.2d 1228, 1229-1230 (Pa.Super. 1984). If there is insufficient evidence to support a jury's verdict, the double jeopardy clause of the Fifth Amendment to the United States Constitution precludes retrial. See *Commonwealth v. Whiteman*, supra, citing *Hudson v. Louisiana*, 450 U.S. 40, 67 L.Ed.2d 30 (S.Ct. 1981). On the other hand, "a new trial is a proper remedy when the verdict is found to be against the weight of the evidence". *Commonwealth v. Whiteman*, supra at 461.

When reviewing a sufficiency of the evidence claim, we apply a two-step inquiry. First, we consider all of the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact-finder could have based the verdict. *Commonwealth v. Walker*, 874 A.2d 667, 677 (Pa.Super. 2005). Second, we must ask whether that evidence, along with all reasonable inferences to be drawn therefrom, was sufficient

4

to prove guilt beyond a reasonable doubt. *Commonwealth v. Azim*, 459 A.2d 1244, 1246 (Pa.Super. 1983).

In passing upon the credibility of witnesses and the weight to be afforded the evidence produced, the jury is at liberty to believe all, part, or none of the evidence. *Commonwealth v. Price*, 610 A.2d 488 (Pa.Super. 1992). We are not to engage in post-verdict credibility discussions, nor are we permitted to substitute our opinion regarding the facts for that of the jury. *Commonwealth v. Brown*, 486 A.2d 441 (Pa.Super. 1984). If the fact-finder could have reasonably determined from the evidence that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict. *Commonwealth v. Hopkins*, 747 A.2d 910, 913-14 (Pa.Super. 2000).

The standard to be applied when assessing a challenge to the weight of evidence imposes a "heavy burden" upon the defendant. *Commonwealth v. Staton*, 1998 WL 1297080 (C.P. Philadelphia 1998). A jury's verdict will be overturned only when it is "so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Schwartz*, 615 A.2d 350, 361 (Pa.Super. 1992). This standard has been described as follows: "When the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench then it is truly shocking to the judicial conscience." *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa.Super. 2004) (citations omitted).

5

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Simmons*, 662 A.2d 621, 630 (Pa. 1995). The function of the fact finder is to pass on the credibility of witnesses and determine the weight to be accorded to a particular piece of evidence. *Id.*

The trial court is vested with sound discretion when sentencing a criminal defendant. Absent an abuse of that discretion, [the] Court will not vacate the sentence imposed. *Commonwealth v. Jones, 433 Pa.Super. 266, 269-71, 640 A.2d 914 (1994).* An abuse of discretion will not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. *Commonwealth v. Travaglia, 28 A.3d 868, 873-74 (Pa.2011).* To prevail on a challenge to some discretionary aspect of sentencing, a defendant must establish a "substantial question" that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Marts, 889 A.2d 608 (Pa.Super. 2005).* The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis; in order to establish a "substantial question", one must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.* at 612.

6

## C. Analysis

The jury convicted the DEFENDANT of Unlawful Contact with a Minor, Criminal Use of Communication Facility and Open Lewdness. The elements of these offenses are:

1.　　Unlawful Contact with a Minor occurs when a person is intentionally in contact with a minor for the purposes of engaging in sexual offenses, or open lewdness, or prostitution, or sexual abuse of children, or sexual exploitation of children.

2.　　Criminal Use of Communication Facility occurs when a person uses a communication facility[1] to commit, cause, or facilitate the commission, or the attempt thereof, of any crime which constitutes a felony.

3.　　Open Lewdness is any lewd act which he knows is likely to be observed by others who would be alarmed.

Viewed in the light most favorable to the Commonwealth, the evidence presented in this case established the following:

- The victim was a minor at the time of the communication with DEFENDANT.

- The DEFENDANT knew the victim was a minor.

---

[1] "Communication Facility" means a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photo electronic, photo-optical systems or the mail.

7

- The DEFENDANT had a conversation with the minor victim in which he sent her nude photographs of himself and requested the same of her.

- At some point during the conversation, the victim alerted her father, Tim Discuillio.

- The victim was the only individual actually communicating with DEFENDANT via Facebook Messenger, although Mr. Discuillo was coaching her on what to say.

Ultimately, it is within the Jury's right to believe all, part, or none of the evidence. In the instant case, the Jury obviously concluded that the Commonwealth proffered credible testimony. In essence, the jury believed that DEFENDANT was in fact conversing with the minor victim, and not merely with her father. Clearly, S.K. and her father provided testimony that established each element of the crimes for which the DEFENDANT was convicted. The evidence of guilt was thus sufficient to support a finding of guilt. Moreover, the Jury's determination of credibility did not shock our conscious. The DEFENDANT knew S.K. was a minor; DEFENDANT knew he should not communicate with a minor in a sexually explicit manner and; DEFENDANT had every opportunity to cease the inappropriate communication.

With respect to sentencing, the DEFENDANT's sentence of 21-42 months fell within his standard sentencing guideline range. The sentencing court reviewed and considered a pre-sentence report, all relevant

8

information and, yes, mitigating factors as well. In fact, at the sentencing hearing, the Court noted that the bottom of the sentencing range would be imposed because there were some mitigating factors taken into consideration. DEFENDANT's dissatisfaction with the imposed sentence does not give rise to a "substantial question" because all relevant factors were considered and the sentence fell within the proscribed sentencing range. Thus, the sentence should not be disturbed on appeal.

None of the DEFENDANT's arguments have any merit. Therefore, we will deny all of them. An Order to accomplish this will be entered simultaneous with this Opinion.