461 A.2d 1315

**COMMONWEALTH of Pennsylvania**

**v.**

**William RICHARDSON, Appellant.**

Superior Court of Pennsylvania.

Submitted April 20, 1983.

Filed June 24, 1983.

Petition for Allowance of Appeal Granted Sept. 28, 1983.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

ROWLEY, Judge:

Appellant was convicted, after a jury trial, of rape and involuntary deviate sexual intercourse. Post-trial motions were filed and denied, and appellant was sentenced to a total term of four to ten years imprisonment. This appeal followed.

Appellant is black. The victim is white. The jury consisted of eleven white persons and one black man. The sole issue raised on appeal is whether the court erred in refusing to ask, during voir dire, several questions posed by appellant concerning racial prejudice.

Appellant posed the following five questions:

1. Are there any people on the jury who are prejudiced in any way against black people?

2. Mr. Richardson is a black man who is charged with raping a white woman. Because of the races of the two

parties involved in this case, do you think you would have any difficulty being fair to either side?

3. Do you believe that black people are generally more dishonest than white people?

4. Do you believe black men like to rape white women?

5. If the woman were to testify that the incident happened one way and Mr. Richardson would testify that the incident happened in an entirely different way, would you tend to believe the testimony of the complainant merely because she was white?

The court agreed only to ask the second question, which it rephrased as follows:

THE COURT: I have just been advised that the victim in this case was a white person. You see that the defendant is black. Would these racial differences present such a problem to you that it could interfere with your honest appraisal of the case and interfere with your ability to be completely fair to both the Commonwealth and the Defendant?

The record indicates that there was no response to that question. This was the *only* question designed to explore the issue of racial prejudice that was permitted by the Court during voir dire.

 The scope of voir dire examination rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Commonwealth v. Fulton*, 271 Pa.Super. 430, 413 A.2d 742 (1979). We have concluded, however, that the court's refusal to ask three of appellant's remaining four questions and limiting the voir dire on the issue of racial prejudice to just one question constituted an abuse of discretion in this case. Therefore, appellant will be granted a new trial.

The Commonwealth is correct in stating that detailed voir dire on racial prejudice is not required merely because the defendant is black and the victim is white. *Commonwealth v. Boone*, 286 Pa.Super. 384, 428 A.2d 1382 (1981). Each case must be considered in light of the factual circumstanc-

es of the particular criminal episode. *Commonwealth v. Christian*, 480 Pa. 131, 389 A.2d 545 (1978). Under the particular circumstances of this case, the one general question asked by the court was not adequate to reveal prejudices which might bear on the case. As the Court pointed out in *Christian*, prejudices are often deep-rooted and unrecognized. Therefore, specific questions may be necessary to probe the issue. *Id.*, 480 Pa. at 138 n. 9, 389 A.2d at 548 n. 9.

■ The nature of the crime made this case particularly race-sensitive. *See Commonwealth v. Holland*, 298 Pa.Super. 289, 293, 444 A.2d 1179, 1181 (1982) (Van der Voort, J., dissenting). Prejudice as to differing sexual drives between the races could definitely affect a juror's ability to be fair. This apparently was what appellant was attempting to reveal by his fourth question. This type of question was considered proper in *Christian*. It is true that in *Christian*, the prosecutor intended to introduce evidence of prior advances made by the defendant towards a white woman, in order to establish defendant's sexual proclivity for white women. No such evidence was to be introduced here. However, inquiry into this area was still relevant in this case since the defense was consent. Because it is specifically related to the facts of the case, inquiry into this area should have been permitted. Even if the question as posed by appellant might be improperly constructed, the court had a duty to fashion a permissible inquiry into the subject. *Commonwealth v. Christian*, 480 Pa. at 140, 389 A.2d at 549.

■ The rape occurred in the victim's apartment, which was located across the hall from the apartment of appellant's brother. Evidence was introduced to corroborate the testimony of both the victim and appellant. Therefore, a determination of the credibility of the appellant and the victim was crucial. Appellant's third and fifth questions specifically related to the potential jurors' ability to make a fair determination of credibility. An argument could be made that the fifth question was too suggestive of the

ultimate facts to be developed at trial. However, as we have already stated, the court may rephrase the questions. Appellant clearly is entitled to specifically inquire into the area of racial prejudice affecting a fair determination of credibility.

■ The first question posed by appellant was very general and not related in any way to the facts of this case. A potential juror might have a specific prejudice concerning black people which would not affect his or her ability to be fair and objective in this case. Therefore, we cannot say that the trial court abused its discretion in refusing to ask appellant's first question.

However, the remaining three questions posed by appellant and not allowed by the court were proper and failure to ask them, under the facts of this case, constituted reversable error.

Judgment of Sentence reversed. Case remanded for a new trial.

Jurisdiction relinquished.