488 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**John MERRICK, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1984.

Filed Jan. 23, 1985.

496

498

Richard B. Henry, Honesdale, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CAVANAUGH, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal by appellant John Merrick from the judgment of sentence [1] entered by the Court of Common Pleas of Luzerne County. Following a trial by jury, appellant was convicted of murder in the first degree. Post-trial motions were denied by the trial court en banc, and appellant was sentenced to life imprisonment. We affirm.

On September 15, 1981, appellant was arrested for the stabbing death of his father. Prior to his preliminary hearing, a mental health evaluation revealed that appellant was incompetent to stand trial. Approximately six months later, appellant was found competent. He waived his preliminary hearing and formal arraignment. Pursuant to Pa.R.Crim.P. 1101, appellant requested a waiver of a jury

[1]. We note that appellant erroneously states that he is appealing from the order denying his motions for a new trial and in arrest of judgment. However, we will treat this case as if it were an appeal from the judgment of sentence entered against the appellant. *See* Pa.R.A.P. 105(a). *Cf. Commonwealth v. Martin,* 316 Pa.Super. 190, 462 A.2d 859 (1983).

trial. The motion was denied by the trial court. Notice of an insanity or mental infirmity defense was filed as required by Pa.R.Crim.P. 305(C)(1)(b). A jury convicted appellant of first-degree murder.

Five issues are raised by appellant in the instant appeal. The first question presented for our review is whether the trial court erred in denying appellant's request to waive his right to a jury trial. Pa.R.Crim.P. 1101 provides in part:

In all cases the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record....

"It is well established that there is no constitutional prohibition to a court's denial in appropriate circumstances, of a defendant's request to be tried by a judge sitting without a jury." *Commonwealth v. Garrison,* 242 Pa.Super. 509, 514–15, 364 A.2d 388, 390 (1976) (allocatur denied). *See also Commonwealth v. Hailey,* 332 Pa.Super. 167, 480 A.2d 1240 (1984) (no absolute right to a bench trial); *Commonwealth v. Edney,* 318 Pa.Super. 362, 464 A.2d 1386 (1983) (same); *Commonwealth v. Maxwell,* 312 Pa.Super. 557, 459 A.2d 362 (1983) (court not constitutionally prohibited from denying request to waive jury trial); *Commonwealth v. Giaccio,* 311 Pa.Super. 259, 457 A.2d 875 (1983) (no absolute right to non-jury trial); *Commonwealth v. Forrest,* 305 Pa.Super. 297, 451 A.2d 540 (1982) (no constitutional reason why a court cannot refuse waiver). Rather, the decision to grant a waiver of a jury trial is one committed to the sound discretion of the trial court. *Commonwealth v. Sorrell,* 500 Pa. 355, 456 A.2d 1326 (1982); *Commonwealth v. Maxwell, supra; Commonwealth v. Giaccio, supra; Commonwealth v. Forrest, supra; Commonwealth v. Lee,* 262 Pa.Super. 280, 396 A.2d 755 (1978). The fact that a waiver is "knowing and intelligent" does not mandate approval of a

defense request to be tried without a jury; "[i]nstead, ... even if satisfied that the defendant's waiver is 'knowing and intelligent,' ... the judge has discretion to decide whether to approve the waiver." *Commonwealth v. Giaccio, supra* 311 Pa.Super. at 262, 457 A.2d at 876.

■ After carefully reviewing the trial court's reasons for denying appellant's request, we are satisfied that there was no abuse of discretion. Moreover, appellant's suggestion that the court's refusal to grant the waiver was an attempt to avoid the responsibility of passing on the facts of a disagreeable case not only insults the dignity of the learned trial judge, but also insults the dignity of the bench as a whole.

Appellant's next contention concerns the trial court's denial of his request to ask prospective jurors certain questions on voir dire. The questions involved the jurors' views on the insanity defense, the John Hinckley case, their ability to follow the court's instructions concerning the legal definition of insanity, and the Commonwealth's burden of proof once a defendant files notice of an insanity defense.

■ We start our analysis with the general principle that the purpose of the voir dire system is to ensure the empaneling of a fair, competent, impartial, and unprejudiced jury. *Commonwealth v. Werts*, 483 Pa. 222, 395 A.2d 1316 (1978); *Commonwealth v. Richmond*, 316 Pa.Super. 304, 462 A.2d 1362 (1983); *Commonwealth v. Hayes*, 314 Pa.Super. 112, 460 A.2d 791 (1983). To this end, the scope of a voir dire examination is within the sound discretion of the trial court; absent a palpable error, we will not disturb a court's decision. *Commonwealth v. Richardson*, 315 Pa.Super. 349, 461 A.2d 1315 (1983); *Commonwealth v. Bossick*, 305 Pa.Super. 196, 451 A.2d 489 (1982).

■ Questions on voir dire should be tailored so as to "disclose lack of qualification and whether the juror has formed a fixed opinion as to the accused's guilt or innocence." *Commonwealth v. Clark*, 280 Pa.Super. 1, 13, 421 A.2d 374, 380 (1980). However, questions which are "de-

signed to disclose what a juror's present impression or opinion may be or what his attitude or decision will likely be under certain facts which may be developed in the trial of the case" should not be permitted. *Commonwealth v. Werts, supra,* 483 Pa. at 224, 395 A.2d at 1317, *quoting Commonwealth v. Johnson,* 452 Pa. 130, 134, 305 A.2d 5, 7 (1973).

■ The case at bar is very similar to *Commonwealth v. Werts, supra* and *Commonwealth v. England,* 474 Pa. 1, 375 A.2d 1292 (1977), wherein defense counsel proposed questions which were "designed to advise counsel in advance what a venireperson's personal reaction might be when" faced with evidence that would be offered at trial. *Commonwealth v. England, supra,* 474 Pa. at 8, 375 A.2d at 1296. In each instance, the Supreme Court found no error by the trial court in refusing to ask such questions. In the present case, the trial court found "[the questions proposed by appellant] effectively examine prospective jurors not only on their understanding and acceptance of certain principles of law but also on their potential reaction to the evidence of insanity to be developed in the trial of the case." Consequently, we find no abuse of discretion or palpable error warranting a reversal of the court's ruling.

The next assignment of error urged upon us by appellant concerns the exclusion of certain testimony. Specifically, the court limited the testimony of a priest who spoke to appellant approximately one week after the murder. The offer of proof made by appellant's counsel indicated that the priest would testify that appellant "recounted a little bit" about the killing, and that "in the interim period he had been visited by apparitions of the Almighty and he was told by the Almighty that he had done right." This testimony was excluded. The priest was allowed to testify to matters concerning appellant's actions prior to and immediately after the killing.

"It is clear that the admission or exclusion of evidence is a matter committed to the sound discretion of the trial court.... On appeal, we will not disturb a court's ruling

unless it amounts to an abuse of discretion." *Commonwealth v. Jackson*, 336 Pa.Super. 609, 622, 486 A.2d 431, 437 (1984).

■ "[A]n accused's statements to third persons may be offered to indicate the mental state of the accused where his sanity is in issue." *Commonwealth v. England, supra,* 474 Pa. at 13, 375 A.2d at 1298. Here, however, while the statements made to the priest concerned appellant's mental state, only "a little bit" of it dealt with his mental state at the time of the murder. The rest of the priest's testimony dealt with matters prior to or after the murder. The offered testimony did not relate to appellant's state of mind at the time of the killing. Therefore, under these circumstances, it was not an abuse of discretion by the trial court to exclude this testimony.

Appellant also contends that the court erred in its charge to the jury. The trial court en banc found no merit to this contention. After carefully reviewing Judge Olszewski's thorough and well-reasoned opinion, we conclude that the en banc court adequately addressed this issue.

■ The final question appellant presents for our review is: "Did the trial court err in its denial of Appellant's Motion in Arrest of Judgment in that the conviction of murder in the first degree is against the weight of the evidence?" From this statement of the issue it is apparent that appellant has "[q]uite obviously ... missed the 'crucial' distinction between evidentiary weight and sufficiency." *Commonwealth v. Whiteman*, 336 Pa.Super. 120, 125, 485 A.2d 459, 462 (1984). If the verdict was against the weight of the evidence the only relief we may grant appellant is a new trial. *Id.* If, however, the evidence were insufficient to sustain the verdict, we are required to discharge the appellant. *Id.* While the issues are confused, the record makes clear that appellant is not entitled to any relief.

The standards by which we review insufficiency and weight of the evidence issues were aptly summarized in *Commonwealth v. Taylor*, 324 Pa.Super. 420, 471 A.2d

1228 (1984). Weight of the evidence and sufficiency of the evidence

are discrete inquiries.... In reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt....

A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion.... The test is not whether the court would have decided the case in the same way but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail.

*Id.*, 324 Pa.Superior Ct. at 424–25, 471 A.2d at 1229–30 (citations omitted).

■ The only contested issue at trial was appellant's sanity. The record reveals that appellant's expert's testimony was inconsistent with regard to appellant's alleged insanity at the time of the murder. The jury was afforded the opportunity to view a videotape of appellant that was made shortly after the stabbing; this enabled the jury to observe appellant's manner and behavior during the time of his alleged insanity, and to compare his demeanor to the elements of the test prescribed for a finding of not guilty by reason of insanity. Detective Curley, the arresting officer, also testified about appellant's conduct and awareness shortly after the murder. This testimony was corroborative of the videotape. Taken together, the evidence was sufficient to permit the jury to conclude that appellant was

sane at the time of the murder. *Commonwealth v. Roberts*, 496 Pa. 428, 437 A.2d 948 (1981).

We conclude that: (1) there was sufficient evidence to find appellant guilty of first degree murder beyond a reasonable doubt, and (2) the verdict was not so contrary to the weight of the evidence so as to make the award of a new trial imperative.

Judgment of sentence affirmed.