J-S29025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v. :
:
:
:
TIM A. OGDEN :
:
Appellant :   No. 41 WDA 2022

Appeal from the Judgment of Sentence Entered September 20, 2021
In the Court of Common Pleas of Clearfield County
Criminal Division at CP-17-CR-0000494-2018

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY MURRAY, J.:        **FILED: SEPTEMBER 21, 2022**

Tim A. Ogden (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of driving under the influence of alcohol (DUI), aggravated assault by vehicle while DUI, driving a vehicle at unsafe speed, careless driving, and reckless driving.[1]  We affirm.

The trial court summarized the facts underlying this appeal as follows:

> [This case] involves a multi-vehicle accident between [Appellant] and William and Donna Bloom [(Mr. Bloom and Mrs. Bloom, respectively) (collectively, the Blooms)].  On December 3, 2017, Trooper Kerry Jodon reported to the scene of a two[-]vehicle crash on Rockton Mountain in Clearfield County.  At the scene, Trooper Jodon found a red pickup truck belonging to [Appellant] facing north in the westbound lane of traffic, and [the Blooms'] SUV was facing west in the westbound lane.  Both vehicles sustained major damage, requiring the vehicles to be

---

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S.A. §§ 3802(a)(1), 3735.1, 3361, 3714, 3736.

towed from the scene. [Appellant], Mrs. Bloom, and Mr. Bloom were all transported to the hospital for treatment of their injuries incurred from the crash. Mrs. Bloom sustained a broken wrist and was required to have surgery to have a stabilizing device placed through her wrist and arm. Mr. Bloom, who previously had heart surgery, was required to stay in the hospital for several days for observation due to concerns of potential blood clots.

Trooper Jodon interviewed Mr. Bloom and first responders, and he investigated the scene of the accident. Because [Appellant] had been transported to the hospital prior to Trooper Jodon's arrival, Trooper Ian Mactavish went to interview [Appellant] at the hospital. Based on the investigation, Trooper Jodon determined that [Appellant] was driving too fast into a left [-]hand curve, causing him to lose control of his vehicle. Based on reports from first responders and Trooper Mactavish, Trooper Jodon also concluded that [Appellant] was under the influence of alcohol at the time of the accident.

As a result of the investigation, a Criminal Complaint was filed on April 1, 2018. The complaint charged [Appellant] with [the above offenses, as well as two additional counts of DUI.[2]] On May 18, 2018, [Appellant] waived his preliminary hearing and all charges were held for court. After multiple continuances requested by [Appellant], [Appellant] ultimately waived his right to a jury trial on December 12, 2019, and a non-jury trial was scheduled on January 16 and 17, 2020.

Trial Court Opinion, 3/3/22, at 1-2 (footnote added).

Two days before trial, the Commonwealth filed a motion to amend the criminal information to include two additional charges: aggravated assault by vehicle and recklessly endangering another person.[3] The trial court denied the motion, and the Commonwealth appealed. This Court affirmed the trial

_____

[2] **See** 75 Pa.C.S.A. § 3802(a)(2) and (b).

[3] **See** 75 Pa.C.S.A. §§ 3732.1(a), 18 Pa.C.S.A. § 2705.

court's order denying amendment of the criminal information. ***See Commonwealth v. Ogden***, 240 A.3d 171 (Pa. Super. 2020) (unpublished memorandum). The Commonwealth did not petition for allowance of appeal to the Pennsylvania Supreme Court.

The case proceeded to a bench trial on June 1, 2021, at which the Commonwealth withdrew two DUI counts. The trial court ultimately convicted Appellant of the remaining charges. Appellant filed a post-sentence motion, which the trial court denied. On September 20, 2021, the trial court sentenced Appellant to 24 – 48 months of incarceration. Appellant filed this timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The trial court filed an opinion on March 3, 2022.

Appellant presents the following issues for review:

I. WHETHER THE TRIAL COURT ERRED BY FINDING [] APPELLANT GUILTY OF THE CHARGES OF [DUI] OR AGGRAVATED ASSAULT BY VEHICLE WHILE [DUI] BECAUSE THE EVIDENCE PRESENTED BY THE COMMONWEALTH AT TRIAL WAS INSUFFICIENT TO ESTABLISH THAT [] APPELLANT IMBIBED ALCOHOL PRIOR TO DRIVING TO A LEVEL THAT MADE HIM INCAPABLE OF SAFE DRIVING[?]

II. WHETHER THE TRIAL COURT ERRED BY FINDING THE APPELLANT GUILTY OF THE CHARGE OF AGGRAVATED ASSAULT BY VEHICLE WHILE [DUI] BECAUSE THE EVIDENCE PRESENTED BY THE COMMONWEALTH AT TRIAL WAS INSUFFICIENT TO ESTABLISH THAT [] APPELLANT CAUSED THE ACCIDENT THAT INJURED THE VICTIMS[?]

III. WHETHER THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION AND DENYING [] APPELLANT HIS RIGHT TO A FAIR TRIAL BY NOT PROPERLY CONSIDERING THE

EVIDENCE PRESENTED BY [] APPELLANT DURING HIS NON-JURY TRIAL[?]

Appellant's Brief at 6 (issues renumbered).

We address Appellant's first and second issues together, as both challenge the sufficiency of the evidence underlying Appellant's convictions of DUI and aggravated assault by vehicle while DUI. *Id.* at 17. Appellant first disputes evidence that he "imbibed alcohol prior to driving to a level that made him incapable of safe driving" in violation of 75 Pa.C.S.A. § 3802(a)(1). *Id.* at 17. Appellant admits "to drinking six (6) beers, the day **before** the accident, Saturday." *Id.* at 18 (emphasis in original). Appellant acknowledges he consumed one beer at noon the day of the accident, and that an open beer was found "at the scene of the accident, jammed down between the driver's seat and console." *Id.* Notwithstanding, Appellant challenges Trooper Jodon's description of Appellant, three hours after the accident, as having bloodshot and glassy eyes and smelling of alcohol. *Id.* at 19. Appellant emphasizes the absence of field sobriety test evidence and the trial court's exclusion of his blood alcohol content test results. *Id.* On this basis, Appellant claims the evidence was insufficient to establish he "consumed alcohol to a level that made him incapable of safe driving." *Id.* at 20.

In his second issue, Appellant cites case law recognizing that an intervening force, and not intoxication, may be the cause of an accident. Appellant's Brief at 23-34. Appellant calls our attention to ***Commonwealth***

*v. Moyer*, 648 A.2d 42 (Pa. Super. 1994).  Appellant's Brief at 23.  In *Moyer*,

Appellant explains, a person on the shore of a river swung a stick at the victim,

who was riding a jet-ski.  *Id.* at 23 (citing *Moyer*, 648 A.2d at 43).

> The victim lost control of his jet ski and veered into the path of
> defendant's craft which struck and killed him.  [*Moyer*, 648 A.2d
> at 43.]  There was no testimony that the defendant was speeding,
> and an intervening force actually caused the accident.  *Id.* at 47.

Appellant's Brief at 23-24.[4]  Referencing the evidence in *Moyer*, Appellant

argues that in this case, "no evidence was presented as to the Appellant being

intoxicated to a point that he was incapable of safe driving."  *Id.* at 24.

Appellant claims his photographic evidence showed that after he swerved to

avoid anti-skid materials on the highway, another vehicle struck him from

behind and caused the accident.  *Id.*  Appellant thus posits: "This evidence

provides reasonable doubt that Appellant caused the accident in question."

*Id.* at 14.

> In reviewing Appellant's claims, we observe:
>
> Whether sufficient evidence exists to support the verdict is a
> question of law; our standard of review is *de novo* and our scope
> of review is plenary.  We review the evidence in the light most
> favorable to the verdict winner to determine whether there is
> sufficient evidence to allow the [factfinder] to find every element
> of a crime beyond a reasonable doubt.

---

[4] Where the Commonwealth failed to establish *prima facie* evidence of involuntary manslaughter, this Court explained that despite the appellant's inebriation, "there was no evidence that appellant could have avoided this tragic accident."  *Moyer*, 648 A.2d at 46.

***Commonwealth v. Tejada***, 107 A.3d 788, 792 (Pa. Super. 2015) (citations and quotation marks omitted).

> In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [factfinder,] while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part] or none of the evidence.

***Commonwealth v. Cahill***, 95 A.3d 298, 300 (Pa. Super. 2014).

> The Motor Vehicle Code provides, in relevant part, as follows:
>
> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1). To prove a violation of this section, the Commonwealth must show: (1) that the defendant was the operator of a motor vehicle; and (2) that while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him incapable of safe driving. ***Commonwealth v. Palmer***, 751 A.2d 223, 228 (Pa. Super. 2000). To establish the second element, the Commonwealth must show that alcohol has

substantially impaired the normal mental and physical faculties required to safely operate the vehicle. Substantial impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. Evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving.

*Commonwealth v. Gause*, 164 A.3d 532, 541 (Pa. Super. 2017) (*en banc*)

(citation omitted). The types of evidence the Commonwealth may offer

include:

the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. … The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol--not on a particular blood alcohol level.

*Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

With respect to aggravated assault by vehicle while DUI, the Motor

Vehicle Code provides:

Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under the influence of alcohol or controlled substance) and who is convicted of violating section 3802 commits a felony of the second degree when the violation is the cause of the injury.

75 Pa.C.S.A. § 3735.1(a).

Appellant's sufficiency claims challenge the trial court's findings that: (1) his inebriation rendered him incapable of safely driving a vehicle, and (2) his inebriation, and not an intervening factor, caused the accident. *See* Appellant's Brief at 14, 24. The trial court rejected Appellant's first claim regarding his inebriation, explaining:

> During the trial, Andrew Smith, a volunteer firefighter who responded to the scene, testified that when [Appellant] was removed from his truck, [Appellant] was stumbling and slurring his words. [*See* N.T., 6/1/21, at 9, 14.] Smith also reported to Trooper Jodon at the time of the accident that he had smelled alcohol and observed a large can of beer in the center console of [Appellant's] vehicle. [*Id.* at 9-10, 14.] Likewise, Trooper Mactavish testified that, at the hospital, [Appellant] smelled like alcohol, and he had slurred speech and glassy eyes. [*Id.* at 56.] Above all, [Appellant] testified that he had been drinking alcohol immediately prior to driving the vehicle. [*Id.* at 112. Appellant] stated that he was drinking beer while walking his dog, and he had consumed more beer at lunch and earlier that afternoon. [*Id.* at 118-19.] There is more than enough evidence to establish that [Appellant] had consumed alcohol prior to driving, causing [Appellant] to drive under the influence of alcohol.
>
> As stated above, Trooper Jodon's investigation of the scene caused him to believe that [Appellant] was driving too fast to be able to safely navigate the left[-]hand turn. The fast driving caused [Appellant] to lose control of his vehicle and slide into the path of the Blooms' vehicle. The nature and cause of the accident itself shows that the consumption of alcohol substantially impaired [Appellant's] ability to exercise judgment and react prudently to changing conditions. Had [Appellant] not been under the influence of alcohol, he would have been better able to judge the appropriate speed for the curve and be able to react to the changing conditions. Therefore, the Commonwealth has established, beyond a reasonable doubt, that [Appellant] consumed alcohol prior to driving, and that consumption rendered [Appellant] incapable of safely driving his vehicle.

Trial Court Opinion, 3/3/22, at 6-7 (citations to Notes of Testimony added).

The trial court further rejected Appellant's claim that an intervening factor, and not his inebriation, caused the accident.[5]  The court explained:

> During the trial, [Appellant] stated that he believed he was hit from behind after he regained control of his vehicle.  [**See** N.T., 6/1/21, at 115.]  [Appellant] concluded that the vehicle that t-boned him, namely the Blooms' SUV, had to be the vehicle responsible for hitting his truck from behind.  [**See id.** at 120.]  [Appellant] believed that pictures of his vehicle's damage established his version of events.  However, looking at all of the evidence, this [c]ourt did not find this scenario believable.  Both Mr. and Mrs. Bloom testified that they were driving from the opposite direction of [Appellant].  [**See id.** at 19 (wherein Mr. Bloom testified he traveled on Route 322, "got to the top of Rockton Mountain to make a left to go towards DuBois."), 20 (wherein Mr. Bloom indicated that Appellant's vehicle was driving towards him), 32 (wherein Mrs. Boom testified she and Mr. Bloom were driving from their home towards DuBois)].  Also, based on his investigation, Trooper Jodon stated that, in his opinion, the Blooms' vehicle was traveling west in the westbound lane, not east as [Appellant] argued.  [**See id.** at 71 (wherein Trooper Jodon testified, "I determined [Appellant] was negotiating a left-hand turn, his vehicle went off the right-hand berm of the roadway in which it produced yaw marks."), 73 (wherein Trooper Jodon testified Appellant slid into the path of the Blooms' vehicle).]  In making his determination, Trooper Jodon looked at the yaw marks[2] on the road.  The road showed two distinct areas of yaw marks:  the first led from the eastbound, right[-]hand lane to the right berm of the road, and the second set led sideways into the westbound lane, directly in the path of the Bloom's SUV.  [**See id.** at 72.]  There was no evidence that showed marks on the road caused by a vehicle other than [Appellant's].

---

[5] The trial court reviewed the evidence in the context of Appellant's challenge to the verdict being against the weight of the evidence.  This same evidence, viewed in a light most favorable to the Commonwealth, also disproves Appellant's sufficiency claims.  **See Tejada**, 107 A.3d at 792.

2 Trooper Jodon testified that, in his experience, yaw marks show that a vehicle is traveling faster tha[n] what is required to safely navigate a turn, causing the tires to jump and create friction with the road. [**See id.** at 71.]

Moreover, the damage to [Appellant's] vehicle was primarily on the side of the vehicles, which corresponds with Trooper Jodon's version of events. [**Id.** at 99-100.] Lastly, and most importantly, [Appellant] himself agreed that he was the one that lost control of his vehicle and had to utilize several NASCAR maneuvers to regain control. [**Id.** at 114-15.] During the trial, [the court] found Mr. and Mrs. Bloom's and Trooper Jodon's testimony to be credible as to the cause of the accident. Conversely, [the court] did not find [Appellant's] testimony about being hit from behind to be credible[.]

Trial Court Opinion, 3/3/22, at 4-5 (footnote 2 in original, some capitalization omitted, citations to Notes of Testimony added).

In summary, the evidence credited by the trial court established that Appellant's inebriation rendered him incapable of safely driving a vehicle in violation of 75 Pa.C.S.A. § 3802(a)(1), and Appellant's inebriation, not an intervening factor, caused serious injuries to the accident victims in violation of 75 Pa.C.S.A. § 3735.1(a). **See** Trial Court Opinion, 3/3/22, at 4-7. **See also Cahill**, 95 A.3d at 300 (recognizing the factfinder is free to believe all, part or none of the evidence). Consequently, Appellant's first two issues fail.

In his third issue, Appellant specifically challenges the trial court's failure to consider his photographic evidence. Appellant's Brief at 13. Specifically, Appellant asserts the evidence was not "sufficient" to sustain his convictions, and "the court did not properly review the evidence prior to rendering its verdict." **Id.** at 15. Appellant again relies on his "photographic evidence to

support the fact that an intervening force caused the accident, which led to" his convictions. *Id.* According to Appellant, the trial court never reviewed the photographs showing damage to the back of his vehicle. *Id.* Appellant contends a "judgment of acquittal should be entered on all charges" because the trial court never reviewed his photographs. *Id.*

Appellant seeks the remedy of acquittal, which is reserved for challenges to sufficiency of the evidence. *See Commonwealth v. Pond*, 846 A.2d 699, 707 (Pa. Super. 2004) (recognizing if the evidence is insufficient to sustain the verdict, the remedy is discharge of the appellant); *Commonwealth v. Merrick*, 488 A.2d 1, 4 (Pa. Super. 1985) ("If the verdict was against the weight of the evidence the only relief we may grant appellant is a new trial. If, however, the evidence were insufficient to sustain the verdict, we are required to discharge the appellant.") (citations omitted). The trial court addressed Appellant's claim as challenging the weight of the evidence, not its sufficiency. *See* Trial Court Opinion, 3/3/22, at 4-5. Accordingly, we review whether the verdicts were against the weight of the evidence.

"An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted). "[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa. Super. 2017) (citation omitted).

[W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Shaffer*, 40 A.3d 1250, 1253 (Pa. Super. 2012) (citation omitted).

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part

or none of the evidence." ***Commonwealth v. Andrulewicz***, 911 A.2d 162, 165 (Pa. Super. 2006) (citation omitted).

As described above, the trial court addressed Appellant's claim challenging the weight of the evidence, and concluded it lacked merit. ***See*** Trial Court Opinion, 3/3/22, at 4-5. Our review discloses the trial court properly exercised its discretion in weighing the evidence and crediting the testimony of Trooper Jodon and the Blooms. ***See id.***; ***see also Andrulewicz***, 911 A.2d at 165. Because we discern no abuse of discretion by the trial court, Appellant's third issue fails. ***See Shaffer***, 40 A.3d at 1253.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2022