J-S39028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TEQUILLA LESTER | : | |
| | : | |
| Appellant | : | No. 1243 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 8, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004488-2023

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED MARCH 6, 2026**

Appellant Tequilla Lester appeals from the judgment of sentence imposed after she was convicted of strangulation and simple assault following a bench trial.[1] On appeal, Appellant claims that the trial court erred by accepting her jury trial waiver. After review, we affirm.

The affidavit of probable cause, to which Appellant stipulated at her non-jury trial, established the following facts:

> On Wednesday, July 26, 2023, at [approximately 3:30 p.m.,] Officer Zachary Snyder, responded to 368 Indian Crest Way, Lower Salford Township, Montgomery County, [Pennsylvania] for a reported behavioral psychiatric emergency. The caller stated that her 20-year-old daughter was breaking things in the house.
>
> On location, [Officer Snyder] spoke with the caller[, Appellant]. [Appellant] stated that she and her daughter, Alliyah Lester [(the victim)], got into an argument. [The victim] began verbally disrespecting [Appellant], so [Appellant] told her to leave the

_____

[1] 18 Pa.C.S. §§ 2718(a)(1) and 2701(a)(1), respectively.

residence. This provoked [the victim] to break multiple things inside the residence. [Appellant] stated that [the victim] got into her face, so [Appellant] pushed her. [Appellant] stated, "I'll admit, I pushed [the victim]." [Officer Snyder] observed a small scratch on [Appellant's] knee.

[Officer Snyder] then responded upstairs and spoke with [the victim]. [The victim] stated that [Appellant] came upstairs to question her about a past relationship. [The victim] stated that she told [Appellant] to leave her room and when [Appellant] did not, [the victim] began calling [Appellant] "fat." [Appellant] then grabbed [the victim] by the neck, threw [the victim] to the ground, and placed her foot on [the victim's] neck. [Officer Snyder] asked [the victim] if she was unable to breathe when [Appellant] had her by the neck. [The victim] stated that she could not breathe and felt as though she was going to pass out. [The victim] had a disheveled appearance, scratches on the right side of her face and neck, scratches on her back, and redness to the left side of her neck.

A juvenile witness, A.L., provided video of the physical altercation which shows [the victim] on the floor and [Appellant] standing over [the victim] with her foot on [the victim's] neck region.

Based upon the above facts, [Appellant] was arrested for strangulation, simple assault, [and] harassment.

Affidavit of Probable Cause, 7/26/23, at 4; *see also* N.T., 7/1/24, at 12-14 (reflecting that Appellant stipulated to the facts as stated in the affidavit of probable cause).

On July 1, 2024, Appellant proceeded to a stipulated bench trial, at the conclusion of which the trial court found Appellant guilty of strangulation and simple assault.[2] The trial court sentenced Appellant to a term of ten to twenty-three months' incarceration followed by three years of probation for her

---

[2] The Commonwealth *nolle prossed* the harassment charge. *See* N.T., 7/1/24, at 17.

strangulation conviction.[3]  Appellant filed a post-sentence motion, which the

trial court denied on April 11, 2025.[4]

Appellant timely appealed.  Both Appellant and the trial court complied

with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did the [trial] court err in accepting [Appellant's] waiver of a jury
> trial when the oral colloquy conducted before the waiver failed to
> explain that the jury would be composed [of Appellant's] peers?

Appellant's Brief at 3.

_____

[3] The trial court found that the simple assault conviction merged with strangulation for sentencing purposes.  **See** N.T., 10/8/24, at 42; **see also** Sentencing Order, 10/8/24, at 1-2 (unpaginated) (reflecting that no sentence was entered for simple assault).

[4] We note that Appellant filed a post-sentence motion on October 11, 2024. **See** Post-Sentence Mot., 10/11/24.  However, the trial court failed to rule on Appellant's post-sentence motion within 120 days, and the clerk of courts failed to enter an order deeming the post-sentence motion denied by operation of law.  **See** Pa.R.Crim.P. 720(B)(3)(a) (providing that the judge shall decide a post-sentence motion within 120 days or it shall be deemed denied by operation of law); Pa.R.Crim.P. 720(B)(3)(c) (providing that when a post-sentence motion is denied by operation of law the clerk of courts shall enter an order on behalf of the court that the post-sentence motion is deemed denied).  On March 26, 2025, Appellant filed a praecipe for the entry of an order denying post-sentence motions.  **See** Praecipe, 3/26/25.  The trial court entered an order denying Appellant's post-sentence motion on April 11, 2025. **See** Trial Ct. Order, 4/11/25.  Appellant filed a notice of appeal within thirty days of the trial court's order.  **See** Notice of Appeal, 5/6/25.  Under such circumstances, we decline to quash the appeal due to a breakdown in operations of the trial court.  **See Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003) (stating "where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and we will not find an appeal untimely under these circumstances").

"[T]he decision to grant a waiver of a jury trial is one committed to the sound discretion of the trial court." ***Commonwealth v. Merrick***, 488 A.2d 1, 3 (Pa. Super. 1985) (citations omitted).

This Court has explained:

The essential elements of a jury waiver, though important and necessary to an appreciation of the right, are nevertheless simple to state and easy to understand. The essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel. Notwithstanding the Rule's reference to a "colloquy on the record," the use of a written jury trial waiver form has been deemed sufficient in the absence of an oral jury trial waiver colloquy.

A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional "right." Citizens can waive their fundamental rights in the absence of a colloquy; indeed, waivers can occur by conduct or by implication, as in the case of a criminal trial conducted *in absentia* after the defendant fails to appear.

***Commonwealth v. Smith***, 181 A.3d 1168, 1175 (Pa. Super. 2018) (citations omitted and formatting altered); ***see also Commonwealth v. Mallory***, 941 A.2d 686, 696-97 (Pa. 2008) (stating that "the absence of an on-the-record colloquy concerning the fundamentals of a trial by jury does not prove, in an absolute sense, that a defendant failed to understand the right [she] waived by proceeding non-jury"); ***Commonwealth v. Baker***, 72 A.3d 652, 667 (Pa. Super. 2013) (explaining that "[t]o be voluntary, the waiver must be the free and unconstrained choice of its maker. This requires a showing that the defendant, after consultation with counsel (if any) and consideration of the

right he or she is forfeiting, has decided to waive the right at issue." (citations omitted and some formatting altered)).

Here, Appellant signed a written jury trial waiver form in which she confirmed that she had elected to waive her right to a jury trial and proceed to trial before "a judge without a jury, fully understanding that if [she] were tried by a jury . . . the jury would be chosen from members of the community thereby producing a jury of [her] peers."  Jury Trial Waiver Form, 7/1/24. Appellant does not argue that she did not understand the waiver form.  *See* Appellant's Brief at 9-13.  Additionally, Appellant confirmed that she had sufficient time to discuss her decision to waive her right to a jury trial with counsel.  *See* N.T., 7/1/24, at 8-9, 12; *see also Baker*, 72 A.3d at 667. Therefore, although the trial court did not specifically reiterate that Appellant was waiving the right to a jury of her peers during the oral colloquy, we agree with the trial court's conclusion that Appellant was fully apprised of her right to a jury trial and the consequences for waiving that right.  *See Smith*, 181 A.3d at 1175 (explaining that "the use of a written jury trial waiver form [is] sufficient in the absence of an oral jury trial waiver colloquy").  Accordingly, we conclude that the trial court did not abuse its discretion in accepting Appellant's jury trial waiver.  *See Merrick*, 488 A.2d at 3.  For these reasons, Appellant is not entitled to relief.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/6/2026</u>